UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANTHONY PRATT, | |
| Plaintiff, | |
| - against - | OPINION AND ORDER |
| | 06 Civ. 3573 (RJS) (RLE) |
| C.O. ANTOINE, et al., | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is plaintiff Anthony Pratt's motion for reconsideration of this Court's January 30, 2009 Order denying his request for documents relating to two class action lawsuits, *McBean, et al. v. City of New York, et al.*, No. 02 Civ. 5426 (GEL), 2006 U.S. Dist. LEXIS 5003 (S.D.N.Y. Feb. 7, 2006), and *Cence et al. v. City of New York, et al.*, No. 03 Civ. 4114 (GEL) 2006 U.S. Dist. LEXIS 5003 (S.D.N.Y. Feb. 7, 2006), (collectively, the "Class Action Documents"). In his motion, Pratt also requests an extension of the February 20, 2009 discovery deadline. He asserts that he needs more time because Defendants have not provided responses to his requests for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" and for "Defendant's work information (their time cards)." Pratt also notes that he needs additional time to comply with Defendants' request to depose him.

Defendants oppose Pratt's motion, and additionally seek sanctions or costs for his counsel's failure to appear at his February 19, 2009 scheduled deposition. Defendants also request an enlargement of the discovery period, solely for the taking of Pratt's deposition.

For the reasons that follow,

(1) Pratt's motion for reconsideration is **DENIED**;

(2) Defendants' request for sanctions is **DENIED**, but their application for costs incurred from Pratt's counsel's untimely cancellation of Pratt's deposition is **GRANTED**;

(3) Pratt's counsel **SHALL** reimburse Defendants for the full amount of the fee the Court Reporting company charged to Defendants as a result of the cancelled deposition, no later than **March 27, 2009**;

(4) Pratt's request for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" is **DENIED**;

(5) Pratt's request for "Defendant's work information (their time cards)" is **DENIED**;

(6) Defendants' request for an extension of the discovery cutoff is **GRANTED**, until **March 27, 2009**, for the sole purpose of conducting Pratt's deposition; and

(7) The Parties **SHALL** submit their joint pretrial order in this case to District Judge Sullivan, in accordance with his rules, no later than **April 27, 2009**.

## II. BACKGROUND

**A. Pratt's Discovery Requests**

On May 9, 2008, the Parties appeared for a telephone conference before the Court. During that conference, Pratt, then pro se, disputed Defendants' written objections to various document requests he had made during discovery. The Court ruled on these disputes during the telephone conference. On July 1, 2008, and January 29, 2009, Barbara Waltuch attempted to formally enter an appearance as Pratt's attorney in this case by mailing notices of her entry of appearance to the Chambers of the undersigned. Although she has failed to submit the requisite paperwork to the

docketing clerk, Waltuch has been acting as Pratt's attorney approximately since July 2008.

Since Waltuch's involvement in this case, she has raised various discovery requests on Pratt's behalf that the Court had ruled upon during the May 2008 telephone conference. During that conference, Pratt requested, inter alia, all litigation documents related to two class action lawsuits, *McBean, et al. v. City of New York, et al.*, No. 02 Civ. 5426 (GEL), 2006 U.S. Dist. LEXIS 5003 (S.D.N.Y. Feb. 7, 2006), and *Cence et al. v. City of New York, et al.*, No. 03 Civ. 4114 (GEL) 2006 U.S. Dist. LEXIS 5003 (S.D.N.Y. Feb. 7, 2006). His stated purpose in seeking these documents through discovery was to understand the settlement negotiations that took place in those cases, to identify witnesses, and to avoid paying the $74 fee required to obtain them pursuant to a request under the New York Freedom of Information Law ("F.O.I.L."). The Court denied this request on the grounds it was overly broad and not relevant to the Pratt's asserted claims, noting that the documents sought would not likely contain information about settlement negotiations, and that Pratt could certainly inquire further about any individual witnesses.

During the May 2008 telephone conference Pratt also sought a "Blue Shield" publication, which he identified as New York City Department of Corrections rules and regulations pertaining to the searches of inmates. Counsel for Defendants agreed to provide this information.

Also during the May 2008 telephone conference, Pratt sought the employment schedules of all Defendants for the period 1994 through 2004. Pratt asserted that he sought this information to establish the actual times and dates of Defendants' shifts, so that he could prove who was present during the strip searches at issue in this case. Defendants objected to this request on relevance grounds, arguing that to the extent Defendants were allegedly present and conducting the strip searches, they have already been named in the action. The Court denied Pratt's request.

Defendants note that they were poised to take Pratt's deposition by videoconference on July 3, 2008; but because the Court granted Waltuch's request for an extension of time on July 1, 2008, the deposition did not take place. (Defs.' Feb. 25, 2009 Letter to the Court at 3.) Defendants further note that, over the following months, Defendants communicated and discussed discovery with Waltuch on numerous occasions, and informed her that the Court had made rulings on certain of Pratt's discovery requests during the May 9, 2008 telephone conference. (*Id.*) When Waltuch indicated that she was not in possession of all the documents that would have been in Pratt's possession, Defendants provided copies of correspondence and discovery. (*Id.*)

Waltuch served Defendants with a letter dated January 16, 2009, making several discovery requests. On January 20, 2009, the Parties appeared before the Court for a status conference. Defendants informed the Court that the Parties were jointly seeking an extension of time to complete discovery; specifically, Defendants sought additional time to respond to the requests in Waltuch's letter of January 16, 2009, and to depose Pratt. During the conference, Waltuch specifically noted her request for the Class Action Documents, arguing that she needed them because Pratt had been part of that case, but had opted out; and because she wanted "to see what went on there" because she was "traveling pretty blind" in the case. Defendants objected on relevance grounds, noting that the claims at issue in the referenced class actions differed from Pratt's claims in the present case. Waltuch was unable to articulate any other reason why the Class Action Documents were relevant to Pratt's case. The Court instructed Defendants to submit a response to Waltuch's letter of January 16, 2009, and extended the time for the Parties to complete any then-outstanding discovery to February 20, 2009. The Court expressly noted that

no additional requests for discovery should be made during this period, and that the Parties' final pretrial order would be due on March 20, 2009.

Defendants note that immediately following the conference, the Parties discussed the outstanding discovery issues, and Waltuch agreed to withdraw all discovery requests contained in her January 16, 2009 letter with the exception of the request for the Class Action Documents. (*Id.* at 4.) By a letter faxed and mailed to Waltuch on January 20, 2009, Defendants sought to memorialize and confirm Pratt's withdrawal of all of then-outstanding discovery requests except for the Class Action Documents. (*Id.*) Defendants then submitted a letter to the Court, dated January 23, 2009, setting forth their objections to Pratt's request for the Class Action Documents, and informing the Court that Pratt had withdrawn all other requests.

On January 30, 2009, the Court issued an Order denying Pratt's request for the Class Action Documents, noting that the Court had denied this request as overly broad and not relevant during the May 9, 2008 telephone conference with the Parties, and that during the January 20, 2009 conference Pratt's counsel was unable to articulate any reason why the discovery request should be granted over Defendants' objection. (Docket No. 69.)

**B. Pratt's Motion for Reconsideration**

On February 19, 2009, the Court received in chambers Pratt's "Notice of Motion for Reconsideration of Motion for Discovery Material" ("Motion for Reconsideration") with an "Affirmation in Support of Notice of Motion for Reconsideration of Discovery Material" ("Waltuch Affirmation") by Waltuch. Defendants also received this document on the same date. (Defs.' Feb. 25, 2009 Letter at 1.) This document was never filed with the docketing clerk, but the Court deems it to be an informal letter motion. The Motion for Reconsideration seeks

> an order pursuant to Rules 26 through 37, of the Federal Rules of Civil Procedure, vacating this Court's January 30, 2009, Order denying plaintiff's discovery request in connection with [the Class Action Documents], granting plaintiff's discovery request for the above mentioned documents and further ordering the defendants in this action to provide plaintiff with such aforesaid documents. . . .

The Waltuch Affirmation 1) raises previously-made arguments for why the Class Action Documents are relevant; 2) notes that Pratt has made a F.O.I.L. request for these documents from New York City Corporation Counsel, and that counsel for Defendants told Waltuch that this request was in circumvention of the Court's discovery ruling on these documents, and would not be honored; and 3) requests an extension of time to complete discovery. Waltuch requests this extension in order to comply with Defendants' request to depose Pratt, and because Defendants have failed to provide responses to Pratt's requests for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" and for "Defendant's work information (their time cards)."

Defendants responded to the Motion for Reconsideration by letter dated February 25, 2009. They argue that it should be denied pursuant to S.D.N.Y. Local Civil Rule 6.3, which requires both that a notice of motion for reconsideration of a court order be served within ten days after the entry of the court's determination of the original motion, and that the moving party set forth the matters or controlling decisions which counsel believes the court has overlooked within ten days of the original order. (Defts.' Feb. 25, 2009 Letter at 4.) Defendants note that Pratt's Motion for Reconsideration of the January 30, 2009 Order is time-barred, as Defendants did not receive it until February 19, 2009, and because Pratt offers no new evidence, nor sets forth any new controlling decision or data that can be expected to alter the conclusion reached by the Court. (*Id.* at 5.) Defendants further argue that, even if the Court were to entertain Pratt's

Motion for Reconsideration, it should nevertheless be substantively denied, as the request for the Class Action Documents is overly broad and not relevant. (*Id.*) Counsel for Defendants also clarifies that she never represented to Waltuch that Pratt's January 30, 2009, F.O.I.L request for these documents would not be honored, but rather, that she would inform the Court that Pratt had seemingly intentionally circumvented the Court's January 30, 2009 Order regarding the Class Action Documents. (*Id.*)

Defendants argue that Waltuch withdrew Pratt's request for the "Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" following the January 20, 2009 conference. (*Id.* at 6.) Defendants' January 20, 2009 letter to Waltuch confirming her withdrawal of this request notes that "[y]ou have agreed to withdraw this request, as the information you seek is in the documents defendants produced to you on or about January 5, 2009, being the New York City Department of Correction ('DOC') directives entitled 'Control of and Search for Contraband' (Bates Stamp Nos. NYC124 - NYC253)." (Jan. 20, 2009 Letter from Defs. to Waltuch.) Defendants also argue that Pratt's request for "Defendant's work information (their time cards)" was raised for the first time in his Motion for Reconsideration, and is overly broad and irrelevant. They note that the individual defendants in this case were identified after nearly a year of litigation, when Pratt finally provided detailed descriptions of those he claims violated his rights. (*Id.* at 6.)

**C. Pratt's Deposition**

By letter dated February 19, 2009, Defendants requested that the Court grant an extension of the discovery deadline for the sole purpose of conducting their deposition of Pratt. The deposition was scheduled to take place on February 19, 2009, at 10:00 a.m., but did not proceed

because Waltuch cancelled on February 18, 2009, by a voicemail left for Defendants' counsel at 8:49 p.m., indicating medical reasons for the cancellation. (Defs.' Feb. 19, 2009 Letter to the Court at 1.) Defendants note that another Court Order is necessary to facilitate Pratt's deposition and that DOCS requires about two weeks notice to arrange for an inmate's production. (*Id.*)

By letter dated February 25, 2009, Defendants seek the imposition of sanctions or costs for Waltuch's failure to appear at Pratt's scheduled deposition. Defendants note that because of Waltuch's late cancellation, Defendants were unable to cancel the Court Reporter who was required to appear at Sing Sing Correctional Facility for Pratt's deposition, and have incurred a cancellation fee from the reporting service as a result. (Defs.' Feb. 25, 2009 Letter to the Court at 2.) Defendants request the Court's permission to conduct Pratt's deposition via videoconference, noting that Waltuch requested an in-person deposition, but that this would require lengthy efforts to arrange a second time (Pratt is incarcerated at Camp Gabriel Correctional Facility, and he would need to be transferred to Sing Sing Correctional Facility for the deposition). (*Id.*)

### III. DISCUSSION

#### A. Pratt's Motion for Reconsideration

To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y.1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y.1991), *aff'd*, 972 F.2d 482 (2d Cir.1992). A motion for

reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche*, 821 F.Supp. 152, 162 (S.D.N.Y.1993) (Lowe, J.) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F.Supp. 833, 833 (S.D.N.Y.1989)). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983).

> S.D.N.Y. Local Civil Rule 6.3 instructs that:
>
> A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.* There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. . . . No affidavits shall be filed by any party unless directed by the court."

(emphasis in original). (Local Civ. R. 6.3.)

Pratt's Motion for Reconsideration is untimely. The order at issue was entered by the Court on January 30, 2009. The Court and Defendants did not receive Pratt's motion until February 19, 2009. Taking into account intervening Court holidays and weekends, Pratt's deadline for filing the Motion for Reconsideration was February 16, 2009. Moreover, even if the Motion for Reconsideration were timely filed, Pratt sets forth no new factual matters or controlling precedent that the Court overlooked; rather, his counsel merely reiterated arguments previously made in support of his discovery request. Pratt's Motion for Reconsideration of the Court's January 30, 2009, Order is therefore **DENIED**. The Court's denial of Pratt's efforts to obtain the Class Action Documents through the discovery process is wholly unrelated to any F.O.I.L. request that Pratt makes, or has made, for the same.

### B. Defendants' Request for Sanctions or Costs

While Waltuch's last-minute cancellation of Pratt's deposition frustrated Defendants' efforts, the Court does not find Waltuch's behavior sanctionable; Defendants' request for sanctions is therefore **DENIED**. However, Waltuch **SHALL** bear the costs incurred as a result of her cancellation. Therefore, no later than **March 25, 2009**, Waltuch **SHALL** reimburse Defendants for the full amount of the fee the Court Reporting company charged to Defendants as a result of the cancelled deposition.

### C. Status of Discovery

The Parties both request an extension of the February 20, 2009, discovery deadline, but disagree on the scope of discovery that remains to be completed. While Defendants assert that discovery should be extended for the sole purpose of conducting Pratt's deposition, Waltuch raised two other requests in the Motion for Reconsideration, i.e., "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" and "Defendant's work information (their time cards)." The former request appears to be a renewed request for the New York City Department of Corrections rules and regulations pertaining to the searches of inmates that Pratt had sought prior to Waltuch's involvement. During the May 9, 2008 conference, counsel for Defendants agreed to provide this information. Counsel for Defendants argues that Waltuch withdrew this request, which was listed in her January 16, 2009 letter to Defendants, after the January 20, 2009 conference, as Defendants had provided the requested material to Waltuch on January 5, 2009. (*See* Defts.' Jan. 20, 2009 Letter to Waltuch.) To the extent that Waltuch found this production to be deficient, she had an obligation to articulate her specific concerns to the Court. Instead, Waltuch simply stated that

Defendants failed to provide the material, and requested it yet again in the Motion for Reconsideration. Because Waltuch has pointed to no defect in Defendants' production of the requested material, the Court has no reason to question Defendants' assertion that they provided it. Pratt's request for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" is therefore **DENIED**.

Pratt's request for "Defendant's work information (their time cards)" also appears to be a renewed request for material he sought during the May 9, 2008 telephone conference with the Court. During that conference, Pratt sought the employment schedules of all Defendants for the period 1994 through 2004 for the purpose of establishing the actual times and dates of Defendants' shifts to verify who was present during the strip searches at issue in this case. The Court denied this request during the May 2008 telephone conference. Defendants currently assert that this request is newly made, and object to it on the same grounds that they objected to Pratt's request during the May telephone conference, i.e., the material is irrelevant to Plaintiff's claims because the Defendants' identities have been verified. Pratt's current request for "Defendant's work information (their time cards)" seeks the same information as the employment schedules he requested, and was denied, in May 2008. Even if this were a new request, the Court expressly noted, at the January 20, 2009 status conference, that the extension of the deadline to complete discovery to February 20, 2009 was for the purpose of completing any then-outstanding discovery, and that no new requests should be made. For these reasons, Pratt's request for "Defendant's work information (their time cards)" is **DENIED**.

The only discovery currently outstanding is Pratt's deposition. Defendants request to take the deposition via videoconference rather than in person, and note that the Southern District's

Technology Office and DOCS require notice of approximately two weeks to coordinate and arrange for Plaintiff's production by video conference. The Defendants may take Pratt's deposition in whatever method they choose; the Court has no opinion on whether it should take place in person or by video. Defendants' request for an extension of the discovery cutoff is therefore **GRANTED**, until **March 27, 2009**, for the sole purposes of conducting Pratt's deposition.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

(1) Pratt's motion for reconsideration is **DENIED**;

(2) Defendants' request for sanctions is **DENIED**, but their application for costs incurred from Pratt's counsel's untimely cancellation of Pratt's deposition is **GRANTED**;

(3) Pratt's counsel **SHALL** reimburse Defendants for the full amount of the fee the Court Reporting company charged to Defendants as a result of the cancelled deposition, no later than **March 27, 2009**;

(4) Pratt's request for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same" is **DENIED**;

(5) Pratt's request for "Defendant's work information (their time cards)" is **DENIED**;

(6) Defendants' request for an extension of the discovery cutoff is **GRANTED**, until **March 27, 2009**, for the sole purpose of conducting Pratt's deposition; and

(7) The Parties **SHALL** submit their joint pretrial order in this case to District Judge Sullivan, in accordance with his rules, no later than **April 27, 2009**.

**SO ORDERED this 12th day of March 2009**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

13