UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY PRATT,

                  **Plaintiff,**

      - against -

C.O. ANTOINE, et al.,

                  **Defendants.**

**OPINION AND ORDER**

**06 Civ. 3573 (RJS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

      By Order dated March 12, 2009, the Court granted Defendants' request for an extension of the discovery period, until March 27, 2009, for the sole purpose of conducting plaintiff Anthony Pratt's deposition. (Docket No. 71.) Before the Court are requests from Defendants and Pratt to further extend the discovery period; however, the Parties disagree on the scope of what discovery remains. For the reasons that follow, Defendants' request is **GRANTED**, and Pratt's request for additional discovery is **DENIED**.

      By letters to the Court dated March 27, 2009, and April 3, 2009, Defendants seek a three-week extension of discovery for the limited purposes of obtaining from Pratt a medical release and responsive medical records, and written grievance records pertaining to the incidents underlying this action. Defendants initially sought these documents via their First Set of Interrogatories and Request for Production of Documents, dated February 29, 2008. By letter dated April 29, 2008, Pratt responded to Defendants' discovery demands, refusing to answer interrogatories or produce documents related to medical treatment because he claimed they were not relevant to the issues in this action. Pratt indicated that he was including a response to "Interrogatory Number 16 (Exhaustion of [G]rievance)," and annexed eight pages of records

dated from December 27, 2006, through October 1, 2007. Defendants indicate that, despite Pratt's response to their February 29, 2008 discovery demands, he indicated for the first time at his deposition that he had been undergoing psychological treatment with a Doctor "Lamore" since early 2008. Defendants argue that because Pratt is seeking damages for alleged emotional injuries arising from the incidents underlying this action, his medical records pertaining to any mental health treatment are relevant, and that Pratt had an obligation to inform Defendants of this treatment, or to otherwise supplement his responses. With respect to the grievance records, Pratt indicated during his deposition that he provided these records to his counsel. Defendants request that Pratt supplement his disclosures, to the extent that they differ from those documents he produced in April 2008.

The Court finds Pratt's medical records to be relevant to his claims for damages in this case, and that Pratt has an obligation to supplement his production of grievance records to the extent they differ from those documents he previously produced. Therefore, Defendants' request for an extension of discovery for the limited purposes of obtaining Pratt's medical release and responsive medical records, and any supplemental grievance records, is **GRANTED**. Pratt **SHALL** provide an executed medical release to Defendants to allow them to access his alleged psychological treatment records, no later than **April 20, 2009**. Defendants **SHALL** complete discovery, for the limited purposes indicated above, no later than **May 5, 2009**.

By letters to the Court dated March 30, 2009, and April 9, 2009, Pratt also seeks to extend discovery in this case in order to obtain 1) "Blue Shields Publications (i.e.) the [D]efendant's Rules and Regulations Manual," 2) Defendants' time cards, 3) a New York City Department of Correction photograph of each named defendant, 4) a "*Vaughn* Index . . . in

2

connection with Defendants' entire case file on this case," and 5) information on "Inmate Religious Rights." For reasons stated in its March 12, 2009 Order, the Court denied Pratt's requests for "the Employee's Manual for the New York City Department of Correction and/or a *Vaughn* Index in connection with the same," as well as his request for "Defendant's work information (their time cards)." Pratt now renews these requests, arguing that the Defendants' time cards will inform him who was present during each of the incidents underlying this action, and that Defendants' Rules and Regulations Manual will allow him to determine who was responsible for ordering, encouraging, or allowing the strip-searches in question, because it contains the Defendants' chain of command and further identifies each of the Defendants' job descriptions. Pratt argues that photographs of the named defendants are necessary for the purpose of proper identification of Defendants, the *Vaughn* Index is necessary to obtain the "Employee's Manu[a]l (i.e.) (Blue Shield Publication)" and "Inmate Religious Rights," and that Defendants have refused to provide him with any information on "Inmate Religious Rights." Defendants oppose these requests on the basis that either the Court has already ruled on them, or that they are untimely made.

     Pratt provides no basis for the Court to reconsider its Order of March 12, 2009, denying his requests for Defendants' Employee's Manual and time cards. As Defendants' counsel notes, District Judge Karas instructed Pratt to provide Corporation Counsel's office with all identifying information, physical and otherwise, that was in his knowledge and possession regarding Defendants who were partially identified, or John Doe defendants, at that time. By October 30, 2007, Pratt provided sufficient information for Corporation Counsel to identify each of the individuals who allegedly violated Pratt's constitutional rights during the incidents underlying

this action. Because all Defendants in this case have been identified, Pratt's requests for the "Blue Shields Publications (i.e.) the [D]efendant's Rules and Regulations Manual" and Defendants' time cards is **DENIED**.

Pratt's request for Defendants' photographs, a new request, is untimely. At the January 20, 2009 status conference in this case, the Court expressly noted that the extension of the deadline to complete discovery to February 20, 2009 was for the purpose of completing any then-outstanding discovery, and that no new requests should be made. The Court also noted this fact in its Order of March 12, 2009. Even if this request were timely made, the Defendants' photographs are not relevant to Pratt's claims in this case. Pratt's request for a New York City Department of Correction photograph of each named defendant is therefore **DENIED**.

Pratt's request for information from Defendants regarding "Inmate Religious Rights" is also untimely. During a May 9, 2008 status conference, the Court ordered Defendants to produce the rules and regulations governing the searches of inmates and religious inmates. Counsel for Defendants asserts that these rules and regulations were provided to Pratt pursuant to the Stipulation and Order of Confidentiality so ordered by this Court on January 5, 2009. As Defendants note, Pratt has had several months following the retention of counsel to address these issues or otherwise depose Defendants to seek this information, but has ignored these issues until after the close of discovery. Pratt's request for information regarding "Inmate Religious Rights" is therefore **DENIED**. Moreover, for the reasons stated above, Pratt's request for a "*Vaughn* Index . . . in connection with Defendants' entire case file on this case" in order to obtain the "Employee's Manu[a]l (i.e.) (Blue Shield Publication)" and "Inmate Religious Rights" is **DENIED**.

For the foregoing reasons, it is **HEREBY ORDERED THAT**

(1) Defendants' request for an extension of discovery for the limited purposes of obtaining Pratt's medical release and responsive medical records, and any supplemental grievance records, is **GRANTED**;

(2) Pratt **SHALL** provide an executed medical release to Defendants to allow them to access his alleged psychological treatment records, no later than **April 20, 2009**;

(3) Defendants **SHALL** complete discovery, for the limited purposes indicated above, no later than **May 5, 2009**; and

(3) Pratt's discovery requests are **DENIED** in their entirety.

**SO ORDERED this 14th day of April 2009**
**New York, New York**

                                             _____
                                             **The Honorable Ronald L. Ellis**
                                             **United States Magistrate Judge**